546

sarily was not to be linked to the direction to pay debts, the appointed estate could not be used for that purpose.

The residuary clause in the present will repeats the reference to the power which is contained in the preamble (like Winsor's Estate, 11 D. & C. 423), and there can be no question that the appointed estate is available for the purposes of that clause.

Is the appointed estate available to pay money legacies? On the general language of the will, yes; for the reference to the power occurs in a preamble which seems to apply to the whole will. But there is a special clause, paragraph 15, which recites: "Lest on a sale of my securities many of which are depreciated at the present time through temporary causes, a sacrifice should occur"—and directs that "all my securities which can be applied to these legacies" shall be appraised, and the legacies shall be scaled *pro rata*, with the option to legatees to take securities on account at the appraisement. The Hearing Judge thought that this confined the money legatees to testatrix's own securities and excluded them from the appointed estate, and we agree with him. The securities of the appointed estate are not "my securities;" they are not in the testatrix's possession, and their identity may not even be known to her.

The question first put above must be answered in the negative. The exceptions are dismissed, the appeal is sustained, and the record remitted to the register of wills for proper action in the premises.

## Urbanus v. Turowski.

*Charles M. Bowman*, for plaintiff; *John J. Aponick*, for defendant.

JONES, J., Jan. 11, 1930.—This is a suit in *assumpsit* to recover the value of certain merchandise of the kind and for the prices set forth in a copy of the book account attached to plaintiff's statement, which discloses that the first item is a debit balance on merchandise of $419.73. Then follows an itemized account of articles delivered afterwards and the price charged, and a balance due for which suit is instituted.

This statement is wholly defective and insufficient. Defendant is entitled to be informed of the item of $419.73, balance on merchandise. This item is not sufficiently specific to inform the defendant and to call upon him for an affidavit of defense. Therefore, the rule is made absolute and plaintiff is directed to file a more specific statement as herein suggested.

From Frank P. Slattery, Wilkes-Barre, Pa.